IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY L. SPEARS, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:17-cv-1105 |
| | § | |
| STEVEN MCCRAW, *et al.* | § | |
|     *Defendants*. | § | |

## DEFENDANTS MACH, FLORES, LEON, PULLIAM, JOHNSON, AND WATSON'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Stephen P. Mach, Manny Flores, Cynthia Leon, Jason K. Pulliam, Faith Johnson, and Randy Watson (hereinafter, the "Commissioner Defendants") move for dismissal of all claims asserted against them in this lawsuit, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's remaining claims against the Commissioner Defendants in their individual capacities are barred because the Commissioner Defendants are entitled to qualified immunity. As a result, the Commissioner Defendants respectfully request that this Court dismiss Plaintiff's 42 U.S.C. § 1983 claims brought against them in this lawsuit.

## I.
## STATEMENT OF THE CASE

Plaintiff Billy L. Spears is a trooper with the Texas Department of Public Safety ("DPS"). *See* ECF No. 25 at ¶ 5. At all times relevant to the claims in this lawsuit, the Commissioner Defendants were members of the Texas Public Safety Commission, which oversees DPS. *See id.* at ¶¶ 11-15. Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against the Commissioner Defendants, solely in their individual capacities.[1] Plaintiff alleges that all Defendants: (1) retaliated

---

[1] In his Second Amended Complaint, Plaintiff abandons his previously-asserted official-capacity claims for injunctive relief. As a result, and in the interest of judicial economy,

against him for exercising his First Amendment right to petition for redress of grievances thereby violating his Fourteenth Amendment rights to Due Process and Equal Protection; (2) engaged in a conspiracy to violate his civil rights; or (3) failed to supervise those that retaliated against him for exercising his First Amendment rights. *See id.* at ¶ 50-57.

Plaintiff alleges that after he filed *Spears v. McCraw*, 1:15-CV-511-RP, 2018 WL 1463711 (W.D. Tex. Mar. 23, 2018) ("*Spears I*"), DPS officials retaliated against him because he sought to "expose" DPS. *Id.* at ¶ 1. Allegedly, after *Spears I* was filed, the DPS officials named in this lawsuit formulated a plan to have him terminated from his position as a trooper. *See generally*, ECF No. 25. This plan allegedly involved denying Plaintiff's request for a medical waiver for DPS's physical fitness test while Plaintiff was out on medical leave and recovering from knee surgery in 2016. *Id.*

As a part of this plan, DPS officials allegedly altered and forged Plaintiff's medical waiver request to make it appear that Plaintiff did not meet the requirements for a medical waiver. *Id.* at ¶¶ 50-52. Plaintiff alleges that, as a result, his medical waiver request was denied and he was unable to pass the physical fitness test, which placed him in danger of being terminated. *Id.* Despite being denied a medical waiver, Plaintiff subsequently passed the physical fitness test and requested and received a transfer to another position within DPS, to escape the alleged retaliation and harrassment. *See id.* at ¶ 1. Plaintiff seeks an unspecified amount of damages, prejudgment and post-judgment interest, costs, and attorney's fees under 42 U.S.C. § 1983. *See id.* at ¶¶ 58.

---

the Commissioner Defendants have omitted from this motion their arguments relating to FED. R. CIV. P. 12(b)(1), sovereign immunity, and the *Ex Parte Young* doctrine. Should the Court determine that Plaintiff did not abandon his official-capacity claims for injunctive relief against the Commissioner Defendants, the Commissioner Defendants will gladly provide the Court with additional briefing on the above-stated issues.

# II.
# STANDARD FOR DISMISSAL UNDER 12(b)(6)

A party may move for dismissal of a cause of action when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When conducting a 12(b)(6) analysis, a court liberally construes the complaint in favor of the plaintiff and view all well-pleaded facts in the light most favorable to the complainant. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (citing *City of Clinton v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010)); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999)). A plaintiff must "allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale*, 642 F.3d at 498 (citing *City of Clinton*, 632 F.3d at 152-53). Dismissal is not proper if a complaint contains sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The facial plausibility requirement is met if the factual content pleaded allows a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Nevertheless, a court is not required to accept as true allegations that are merely legal conclusions. *See id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In a similar vein, a court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). If the plaintiff's complaint does not state a plausible claim for relief, his lawsuit will not survive a motion to dismiss. *Iqbal,* 556 U.S. at 679.

# III.
# BRIEF IN SUPPORT OF MOTION TO DISMISS

**A.     Plaintiff fails to overcome the Commissioner Defendants' presumptive entitlement to qualified immunity.**

As government officials, the Commissioner Defendants are shielded from Plaintiff's 42 U.S.C. § 1983 claims, asserted against them in their individual capacities, by their entitlement to qualified immunity. In order to overcome the Commissioner Defendants' presumptive entitlement to qualified immunity, Plaintiff must prove that the Commissioner Defendants violated "clearly established statutory or constitutional rights of which a reasoanble person would have known." *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citations omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harrassment, distraction and liability when they perform their duties reasonably." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). As a result, "[q]ualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 391 (5th Cir. 2017) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)).

Because the Commissioner Defendants have asserted their entitlement to qualified immunity, Plaintiff bears the burden of rebutting the presumption. *See Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). In the context of a motion to dismiss, a Plaintiff satisfies this burden by pleading "specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Thus, Plaintiff must

allege facts showing that: (1) the Commissioner Defendants violated his statutory or constitutional rights; and (2) those rights were "clearly established at the time of the challenged conduct." *See Davidson*, 848 F.3d at 391 (5th Cir. 2017) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

When conducting the qualified immunity analysis, a court engages in a two-step inquiry. *See Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). First, a court must determine whether the plaintiff has sufficiently alleged that the defendant violated a constitutional or statutory right. *See id.* (citations omitted). Second, a court must determine whether the defendant "violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (citations omitted). If a court determines that a clearly established right has been violated, the court must then determine whether the defendant's conduct was objectively reasonable. *Wyatt*, 718 F.3d at 503.

In determining whether a right was clearly established at the time of the alleged wrongful conduct, a court must ask "whether the law so clearly and unambiguously prohibited the conduct that every reasonable official would understand that what he is doing violates the law." *Wyatt*, 718 F.3d at 503 (citations omitted). The Supreme Court has urged that courts should not "define clearly established law at a high level of generality." *al-Kidd*, 563 U.S. at 742. "A case directly on point is not required, 'but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Pittman-Bey v. Celum*, 557 Fed. Appx. 310, 313 (5th Cir. 2014) (quoting *al-Kidd*, 563 U.S. at 741)). The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 136 S.Ct. at 308.

1. **Plaintiff fails to state a claim against the Commissioner Defendants based on their personal involvement in the alleged constitutional violations.**

"To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was

5

committed by a person acting under color of state law." *Fairley v. Louisiana*, 254 Fed. Appx. 275, 278 (5th Cir. 2007) (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)). The Supreme Court has firmly established that "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. A supervisor may be liable if he or she was personally involved in the constitutional violation, but only if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation;" or if the supervisor implements "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted).

In order to proceed with this lawsuit, Plaintiff must allege a set of plausible facts proving that the Commissioner Defendants either: (1) "affirmatively participated" in the alleged acts of retaliation; or (2) "implemented unconstitutional policies that causally result in the constitutional injury." *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir, 2008)); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's ***own individual actions***, has violated the Constitution") (emphasis added). Plaintiff must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Plaintiff's Second Amended Complaint is completely devoid of any allegations that the Commissioner Defendants affirmatively participated in the alleged acts of retaliation. *See generally*, ECF No. 25. His Second Amended Complaint further lacks any allegations that the Commissioner Defendants implemented an unconstitutional policy that resulted in the alleged injury to Plaintiff. *See id.* In fact, the only allegations that are directed at the Commissioner Defendants are: (1) the allegations for failure to supervise the defendants who were engaging in

6

the retaliation; and (2) the allegations that the Commissioner Defendants were aware of an unlawful policy of retaliation, but did nothing to stop it. *Id.* at ¶¶ 50-57. As a result, Plaintiff fails to state a claim against the Commissioner Defendants based on their personal involvement in the alleged constitutional violation.

> 2. **Plaintiff fails to state a claim against the Commissioner Defendants based on their alleged failure to supervise.**

Although Plaintiff fails to establish the Commissioner Defendants' liability based on their personal involvement, the Commissioner Defendants may yet be subject to liability as supervisors based on their failure to supervise DPS officials, but only if Plaintiff pleads a plausible set of facts that, if true would establish: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015). "The deliberate indifference standard is a high one." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). If the court determines that a plaintiff fails to establish deliberate indifference, the court need not address the first or second prong of the supervisory liability analysis. *Id*.

> > i. **Plaintiff fails to establish a causal link between the alleged constitutional violations and the supervision by the Commissioner Defendants.**

To the extent Plaintiff seeks to hold the Commissioner Defendants liable solely based on their alleged failure to supervise, he fails to state a claim. Plaintiff fails to sufficiently plead a

7

causal link between the alleged retaliatory conduct by the other Defendants and the Commissioner Defendants' failure to supervise them. *See Brauner,* 793 F.3d 493 at 501. Although Plaintiff asserts that the Commissioner Defendants were aware of Defendants McCraw's alleged unlawful retaliation policy and did nothing to prevent it, he fails to provide any facts to support this conclusory allegation. *See* ECF No. 25 at ¶ 50-57.

Instead, Plaintiff attempts to craftily plead the Commissioner Defendants into liability based only on their duty to provide oversight of DPS and Plaintiff's own bald assertion that the Commissioner Defendants read a single Associated Press news article, published in 2015. *See id*. However, this unsupported assertion is the type of pleading that the Supreme Court has determined is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. Without additional facts to establish a causal link between the alleged unwritten retaliatory policy and the Commissioner Defendants' failure to supervise, Plaintiff's allegation shows the ***mere possibility*** of misconduct and thus falls short of establishing the requisite plausible entitlement to relief. *See id.* (emphasis added). By failing to establish the required causal link, Plaintiff fails to draw the Commissioner Defendants into the alleged retaliatory scheme and thereby fails to sufficiently plead their supervisory liability.

### ii. Plaintiff fails to establish the Commissioner Defendants were deliberately indifferent to a serious risk of harm.

Plaintiff fails to establish that the Commissioner Defendants were deliberately indifferent to a serious risk of harm. "Deliberate indifference is a stringent standard of fault," which requires Plaintiff to prove that the Commissioner Defendants disregarded a "known or obvious" consequence of their actions. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (internal quotations omitted). To demonstrate deliberate indifference, a "pattern of similar constitutional violations" is "ordinarily necessary." *Id.* at 62. Plaintiff must show that the failure to supervise

"reflects a deliberate or conscious choice to endanger constitutional rights." *See Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (internal quotations omitted).

"Prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Id.* In short, "*notice* of a pattern of similar violations is required." *Id.* (emphasis added).

Plaintiff falls short of meeting the deliberate indifference requirement with respect to the Commissioner Defendants' alleged failure to supervise. Other than the conclusory allegations that the Commissioner Defendants knew of the unwritten retaliatory policy within DPS and failed to stop it, Plaintiff plead no factual allegations that meet the "stringent standard of fault" required for deliberate indifference. *See Connick*, 563 U.S. at 61. Plaintiff's attempt to plead the elements of deliberate indifference is a prime example of the "[t]hreadbare recitals of the elements of a cause of action" that will not suffice to sustain a claim against the Commissioner Defendants. *See Iqbal*, 556 U.S. at 678. Because Plaintiff fails to establish the Commissioner Defendants were deliberately indifferent to a serious risk of harm to Plaintiff, he fails to state a claim for supervisory liability under § 1983.

### 3. Plaintiff fails to establish that the Commissioner Defendants violated his right to Due Process.

The Due Process Clause of the Fourteenth Amendment includes a procedural component and a substantive component. *Montgomery v. Mississippi*, 498 F.Supp.2d 892, 910 (S.D. Miss. 2007) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Plaintiff failed to specify which he is perusing here. Procedural due process protects against "the deprivation by state action of a constitutionally protected interest in 'life, liberty or property'. . . without due process of law." *Id.* (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Substantive due process "bars certain

arbitrary, wrongful government actions" resulting in the deprivation of a constitutional right or interest—"regardless of the fairness of the procedures used to implement" the government actions. *Zinermon*, 494 U.S. 113, 125 (quoting *Daniels*, 474 U.S. at 331).

Significantly, both substantive and procedural due process claims require proof that the plaintiff suffered deprivation of interests "encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) (regarding procedural due process); *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 222 (1985) (regarding substantive due process). Thus, Plaintiff's due process claims fail without the existence of a property interest. Whether a property interest exists is determined under state law. *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir.1989). Under Texas Law, at-will employees, such as Plaintiff, have no property interest in continued employment. *Bishop v. Wood*, 426 U.S. 341, 345 n. 8 (1976). As such, Plaintiff's Due Process claim must be dismissed.

  **4. Plaintiff fails to establish that the Commissioner Defendants violated his right to Equal Protection.**

Under the Equal Protection Clause, a law or rule is evaluated for disparate treatment or impact on a particular class of persons. *See Engquist v. Or. Dept. of Agric.*, 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others'") (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961); and also citing *Ross v. Moffitt*, 417 U.S. 600, 609 (1974) ("'Equal Protection . . . emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable."); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 60 (1973) (Stewart, J., concurring) ("[T]he basic concern of the Equal Protection Clause is with state legislation whose purpose or effect is to create discrete and objectively identifiable classes")). "When those who appear similarly situated are nevertheless treated differently, the

Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" *Engquist*, 553 U.S. 591, 602.

As noted above, liability under § 1983 requires proof of: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski*, 237 F.3d at 578. As discussed above, Plaintiff fails to identify any such evidence in support of an Equal Protection claim.

Moreover, Plaintiff claims that he is the only DPS employee who has ever been denied a medical waiver and required to take a physical fitness test in order to return from medical leave. See ECF No. 25 ¶ 38. His claim thus asserts a "class-of-one" theory of equal protection. The Equal Protection Clause does not apply to the class-of-one theory in the context of public employment disputes. *Enquist*, 553 U.S. at 609 ("[R]atifying a class-of-one theory of equal protection in the context of public employment would impermissibly 'constitutionalize the employee grievance.'") (quoting *Connick v. Myers*, 461 U.S. 138, at 154 (1983)). As such, Plaintiff's Equal Protection claim against the Commissioner Defendants must be dismissed.

**5.     Plaintiff fails to state a claim for conspiracy.**

In an attempt to subject all of the Defendants to liability collectively, Plaintiff alleges that all of the Defendants engaged in a conspiracy to violate his constitutional rights. *See* ECF No. 25 at ¶¶ 53-57. Conspiracy is a derivative cause of action—that is, "[s]ection 1983 does not provide an independent cause of action for conspiracy." *E.G. v. Bond*, 1:16-CV-068-C, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017). "Instead, a § 1983 conspiracy claim serves as the legal mechanism through which to impose liability on each and all of the Defendants without regard to the person doing the particular act." *Id.* (citations omitted).

To state a claim for conspiracy under § 1983, Plaintiff must allege: (1) "the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy." *Id.* To satisfy the plausibility requirement of *Iqbal* and survive a motion to dismiss, Plaintiff must make "specific factual contentions regarding the nature of the conspiracy or the participants' role in the same." *See id.*

Plaintiff makes no attempt to satisfy the pleading requirement for his conspiracy claim. There are no factual allegations regarding the alleged conspiracy, much less any particular Defendant's role in the conspiracy. Plaintiff's conclusory assertion of a conspiracy does not suffice to sustain a claim for conspiracy. *See Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955) ("Charges as to such conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or inference, as here, trifles light as air…"). Even if Plaintiff, for the third time, attempts to amend his Complaint to provide factual allegations of the "conspiracy," his conspiracy claim is nonetheless barred by the intra-corporate conspiracy doctrine. *See Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997).

Under the intra-corporate conspiracy doctrine, "where all of the defendants are members of the same collective entity, the conspiracy does not involve two or more people." *Id.* As is the case here, all Defendants are employees of the same entity—DPS. Consequently, there can be no conspiracy because DPS is "incapable of conspiring with itself." *See Tawe v. Roesler*, CV H-17-3436, 2018 WL 1609580, at *5 (S.D. Tex. Apr. 2, 2018). Because Plaintiff fails to sufficiently plead a claim for conspiracy, and because his claim for conspiracy is barred by the intra-corporate conspiracy doctrine, Plaintiff fails to state a claim against the Commissioner Defendants for conspiracy.

# IV.
# CONCLUSION

The Commissioner Defendants respectfully request that this Court dismiss all claims asserted against them in this lawsuit with prejudice. As established above, Plaintiff fails to overcome the Commissioner Defendants' entitlement to qualified immunity for Plaintiff's individual capacity claims based on supervisory liability and conspiracy. As a result, all of Plaintiff's claims against the Commissioner Defendants should be dismissed with prejudice.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Kelsey L. Warren*
**KELSEY L. WARREN**
Assistant Attorney General
Texas State Bar No. 24095736
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2080
Facsimile: (512) 370-9373
kelsey.warren@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS MACH, FLORES, LEON, PULLIAM, JOHNSON AND WATSON**

**CERTIFICATE OF ELECTRONIC FILING**

I, **KELSEY L. WARREN**, Assistant Attorney General for the State of Texas, do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas on February 25, 2019

>  */s/ Kelsey L. Warren*
>  **KELSEY L. WARREN**
>  Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **KELSEY L. WARREN**, Assistant Attorney General for the State of Texas, certify that a true and correct copy of the above and foregoing has been served via electronic mail on all counsel of record, on February 25, 2019.

>  */s/ Kelsey L. Warren*
>  **KELSEY L. WARREN**
>  Assistant Attorney General