IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY L. SPEARS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-1105-RP |
| STEVEN MCCRAW, DAVID BAKER, JACK WEBSTER, MICHAEL BRADBERRY, AUDRA LIVINGSTON, STEPHEN P. MACH, MANNY FLORES, A. CYNTHIA LEON, JASON K. PULLIAM, RANDY WATSON, FAITH JOHNSON, LUIS GONZALEZ, RHONDA FLEMING, LUIS SANCHEZ, K.B. WILKIE, BRANDON NEGRI, JIMMY JACKSON, MARCUS STOKKE, MICHAEL SPARKS, and WILLIE DRABBLE, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

On August 30, 2019, the Court granted Defendants Steven McCraw, David Baker, Jack Webster, Michael Bradberry, Audra Livingston, Stephen P. Mach, Manny Flores, A. Cynthia Leon, Jason K. Pulliam, Randy Watson, Faith Johnson, Luis Gonzalez, Rhonda Fleming, Luis Sanchez, K.B. Wilkie, Brandon Negri, Jimmy Jackson, Marcus Stokke, Michael Sparks, and Willie Drabble's (collectively, "Defendants") motions to dismiss after adopting United States Magistrate Judge Andrew Austin's report and recommendation, dismissing Plaintiff Billy L. Spears's ("Spears") claims against Defendants. (MTDs, Dkt. 27, 28, 37; R&R, Dkt. 42; Order, Dkt. 51). The Court did not enter final judgment.[1] Now before the Court is Spears's Corrected Motion to Amend Judgment.[2]

---

[1] The Court did not enter judgment because the parties' cross-motions for sanctions were pending. (Mots., Dkt. 43, 45; *see also* Order, Dkt. 57, at 16).
[2] Spears initially filed a Motion to Amend Judgment, (Dkt. 54), and then filed the Corrected Motion to Amend Judgment, (Dkt. 55), the same day.

1

(Corr. Mot. Am. J., Dkt. 55). Defendants did not timely reply to the motion. *See* W.D. Tex. Loc. R. CV-7(e)(2). After considering Spears's arguments, the record, and the relevant law, the Court denies the motion.

## I.  DETERMINING THE APPROPRIATE RECONSIDERATION RULE

Spears does not specify a rule of civil procedure under which he seeks relief, and "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("For nearly twenty years . . . we have admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the . . . 'motion for reconsideration.'"). And while the title of Spears's motion asks the Court to amend a judgment, the Court has not rendered final judgment in this case. (Corr. Mot. Am. J., Dkt. 55, at 1). Instead, Spears argues that the Court's August 30, 2019, Order, (Dkt. 51), is "clearly erroneous and should be amended to reinstate" certain of Spears's claims and allow him to incorporate complaints from other cases by reference. (Corr. Mot. Am. J., Dkt. 55, at 9).

That Order stated that "Spears's claims against Defendants are DISMISSED," referring to all of Spears's claims against all of the Defendants; it did not specify appealability or enter a final judgment. (Order, Dkt. 51, at 16). Ordinarily, when an order does not specify whether claims are dismissed with or without prejudice, its "silence . . . signal[s] a dismissal with prejudice" unless the dismissal was based on lack of jurisdiction. *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 560 (5th Cir. 2018); *see also Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (quoting Fed. R. Civ. P. 41(b)) ("Unless an involuntary order of dismissal specifies that it is without prejudice, however, it 'operates as an adjudication upon the merits.'").

Federal Rule of Civil Procedure 54(b) provides that:

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Fifth Circuit has interpreted this rule to "allow parties to seek reconsideration of interlocutory orders and authorize the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (cleaned up). "Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits the district court 'to reconsider and reverse its decision for any reason it deems sufficient.'" *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (quoting *Austin*, 864 F.3d at 336). "[W]hen a district court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order," the Fifth Circuit "must vacate and remand 'for the district court to reconsider [the] motion for reconsideration under the more flexible Rule 54(b).'" *Id.* (quoting *Austin*, 864 F.3d at 336). An order is interlocutory when it does not "end the action"—that is, when claims remain pending. *See id.* ("In this case, the district court's summary judgment against McClendon was interlocutory because it did not end the action, as the Government's counterclaim against Stephen remained pending. Rule 54(b), therefore, provided the correct standard for deciding McClendon's motion for reconsideration.").

However, whether this reading of Rule 54(b) applies to orders that dismiss all of the claims against all of the defendants "is unclear under the existing law in this circuit." *Smallwood v. Willow Way, LLC*, No. 3:17-CV-242-G-BN, 2017 WL 6767372, at *4 (N.D. Tex. Dec. 7, 2017), *report and recommendation adopted,* No. 3:17-CV-0242-G (BN), 2018 WL 259517 (N.D. Tex. Jan. 2, 2018). One court within the Fifth Circuit has analogized Rule 54(b)'s applicability to such an order to the way in which the Fifth Circuit "determin[es] its own appellate jurisdiction over appealed orders"; "'the

3

appealability'—and, thus, finality—'of an order depends on its effect.'" *Id.* (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)). The court contrasted two pre-*Austin* Fifth Circuit decisions. In the first, the Fifth Circuit held an order to not be final when it granted a motion to dismiss for improper venue and dismissed the case without prejudice, at the plaintiff's request, instead of transferring the case to an appropriate venue. *Id.* (citing *Hodgkins v. Mukasey*, 271 F. App'x 412, 414 (5th Cir. 2008)). In the second, the Fifth Circuit held that "an order of dismissal, even without prejudice, that disposes of all of a plaintiff's claims and 'leav[es] the district court nothing more to do than to execute the judgment' is a final decision." *Id.* (quoting *Westlake Styrene Corp. v. P.M.I. Trading, Ltd.*, 71 F. App'x 442, 2003 WL 21418145, at *1 (5th Cir. June 13, 2003) (per curiam)). The *Smallwood* court, confronting a procedural posture in which the plaintiffs "could have immediately refiled at least some of their claims following their dismissal" and "cure the defects that prompted dismissal," then applied Rule 54(b) to an order that "dismissed the [plaintiffs'] claims both with and without prejudice." *Id.* at *5; *cf. Lahman v. Cape Fox Corp.*, No. 4:17-CV-305, 2019 WL 1150628, at *2 & n.3 (E.D. Tex. Mar. 13, 2019) (applying Rule 54(b) to reconsider an order granting motions to dismiss that did not resolve all of the claims in the case).

Here, however, the Court's order dismissed all of Spears's claims against all Defendants but was not itself a final judgment. (Order, Dkt. 51); *see* Fed. R. Civ. P. 58(a) (requiring separate documents for judgments); *Warren*, 507 F.3d at 1243. In this light, Rule 54(b) seems to be the appropriate vehicle for reconsideration. But it also dismissed those claims with prejudice, arguably "end[ing] the action." *Austin*, 864 F.3d at 336; *see Firefighters' Ret. Sys.*, 898 F.3d at 560. There is little more for the Court to do than to execute the judgment. In this light, then, Rule 59(e) would seem appropriate.

The Tenth Circuit's approach to this procedural posture in *Warren* is instructive. 507 F.3d at 1244. In that case, the district court did not "enter a separate judgment following entry of its

4

dismissal order," which dismissed all of the claims in the case without prejudice. *Id.* at 1241, 1244. "Perhaps Plaintiff's best course would have been to ask the district court pursuant to Fed. R. Civ. P. 58(d) to enter a separate judgment. Instead, Plaintiff chose to file . . . a 'motion to reconsider.'" *Id.* at 1244. The Tenth Circuit construed the motion as "a motion to alter or amend the 'judgment' under Rule 59(e)." *Id.* (citing *Hilst v. Bowen*, 874 F.3d 725, 726 (10th Cir. 1989) (per curiam)).

So, because this Court's dismissal order resolved all of Spears's claims against all Defendants in this case, because its dismissal with prejudice did not allow Spears leave to refile, and because the order functioned as a "judgment" as in *Warren*, 507 F.3d at 1244, the Court applies "the more stringent Rule 59(e) standard."[3] *McClendon*, 892 F.3d at 781.

## II. REVIEW UNDER RULE 59(e)

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering, amending, or reconsidering a judgment (or, as here, a quasi-judgment dismissal order) under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Indeed, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Applying this standard, the Court does not find good cause to vacate or amend its dismissal order. Spears's motion consists primarily of arguments which could have been, and often indeed

---

[3] The Court's decision to apply Rule 59(e) is consistent with Spears's apparent intent. He filed the motion for reconsideration exactly 28 days after the Court's dismissal order. (Corr. Mot. Am. J., Dkt. 55); *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The motion is titled "Corrected Motion to Amend Judgment." (Corr. Mot. Am. J., Dkt. 55, at 1). And the single case it cites in its "Legal Standard" section discusses "reopen[ing] a case in response to a motion for reconsideration" in the context of a summary judgment ruling. (*Id.* (quoting *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 428 (5th Cir. 2014), *as revised* (Sept. 2, 2014))).

were, made before the judgment issued. *See Simon*, 891 F.2d at 1159. Sometimes, Spears explicitly indicates that he previously made an argument in an earlier pleading. (*See, e.g.*, Corr. Mot. Am. J., Dkt. 55, at 7). Other contentions mirror those that Spears made, and the Court considered, in his objections to the report and recommendation, such as his argument concerning the incorporation of previous complaints into his second amended complaint. (*See* Objs., Dkt. 46, at 2–4; Corr. Mot. Am. J., Dkt. 55, at 7–8). While Spears "contends that the Court's decision regarding his First Amendment retaliation claims runs flatly contrary to the law and the pleadings—alleging manifest errors of both law and fact—his actual arguments tend to express only disagreements with inferences the Court drew from the record, each of which were supported by law. (*See, e.g.*, Corr. Mot. Am. J., Dkt. 55, at 4, 6). Moreover, Spears presents no newly discovered evidence. *See Waltman*, 875 F.3d at 473.

Spears claims that he is "not attempting to relitigate his [previous case's] claims per se." (Corr. Mot. Am. J., Dkt. 55, at 7). But that is precisely what he has done, flying afoul of the Fifth Circuit's "important judicial imperative[]" for Rule 59(e) motions of "the need to bring litigation to an end." *Templet*, 367 F.3d at 479. And he has not established that the Court's dismissal order was not a "just decision[] [made] on the basis of all the facts" properly in the record. *Id.* Spears has not presented a compelling reason for the "extraordinary remedy" of vacating a judgment. *See Templet*, 367 F.3d at 479. Instead, his arguments are best suited for appeal.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Spears's Corrected Motion to Amend Judgment, (Dkt. 55), is **DENIED**. The Court will enter final judgment in a separate order.

**SIGNED** on May 4, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE